**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ROBERT DUNN** ) | |
| ) | |
| v. ) | 3-05-CV-352-AH |
| ) | |
| **GE GROUP LIFE ASSURANCE** ) | |
| **COMPANY and GENWORTH** ) | |
| **FINANCIAL, INC.** ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the written consents of the parties, and the District Court's order of transfer filed on June 10, 2005, came on to be considered Defendants' motion for summary judgment filed on October 21, 2006, and the court finds and orders as follows:

**Factual background**: After having been employed by ProAmerica, Inc. for less than a year Robert Dunn suffered a major stroke on or about September 23, 1997, which rendered him permanently disabled and unable to return to work. During his term of employment ProAmerica's employees were covered by a group long-term disability certificate of insurance issued by GE Group Life Assurance Co. (GEGLAC). Following his stroke Dunn filed a claim for benefits under the certificate.

Initially Dunn's employer reported his covered payroll as being $4,000.00 per month. GEGLAC paid monthly benefits under the terms of the long-term disability certificate for the period for which Dunn was eligible from December 23, 1997 to October 23, 2002. In November 2002 Dunn requested that his benefit calculation be reviewed and after this review was undertaken to include commissions paid to him prior to September 23, 1997, his benefits were increased from $4,000.00 to $4,508.53 per month and an additional benefit check in the amount of $20,225.79 was issued to him on January 23, 2003.

In February 2003 Dunn wrote again requesting a further recalculation of benefits based upon commissions which he earned prior to the date he suffered the stroke, but which were not paid until a later date. See Defendants' appendix ("AR" at 180-81). GEGLAC refused to recalculate his benefits based upon the commissions paid after Dunn ceased employment with ProAmerica. (AR at 178-79). Thereafter Dunn filed suit in the 193rd Judicial District Court of Dallas County, Texas, against GEGLAC and Genworth Financial, Inc. The Defendants removed the case to this court and on August 1, 2005, Dunn filed his First Amended Complaint seeking relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

**Discussion and Analysis**: Defendants have filed their motion for summary judgment together with the administrative record.[1]

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any medical fact and that the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c). In making this determination the facts are evaluated in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986).

In support of their motion Defendants cite two provisions of the underlying certificate of insurance, See AR 001-0033, which was issued by GEGLAC covering ProAmerica's employees.

The computation of benefits due to a disable employee was based on the employee's "Basic Monthly Earnings", which in turn is defined in the certificate as follows:

---

[1] In addressing Defendants' motion the court has also reviewed Plaintiff's response filed on November 10, 2005, Defendants' reply filed on November 23, 2005, Plaintiff's supplement filed on January 13, 2006, and Defendants' reply to Plaintiff's supplement filed on January 24, 2006, together with the briefs and appendices submitted.

> [G]ross monthly compensation from your Employer including the gross monthly rate of commissions and Bonus Pay during the calendar year(s) period *prior to* [your] Period of Disability as specified below. It includes employee pre-tax contributions to a deferred compensation plan which is defined by a documented, pre-determined formula. It does not include:
> 1. Overtime pay; or
> 2. Any other fringe benefit or extra compensation.
>
> Calendar years(s) earnings will be averaged for the lesser of:
> 1. The prior calendar year(s) *before the date your Period of Disability begins*; or
> 2. The period of employment if less than one calendar year(s).

(App., AR0006) (emphasis added). As stated above, Plaintiff was employed for less than one year prior to making a disability claim. (App., AR0343).

The certificate further provides in pertinent part that:

> GE Group Life Assurance Company is a fiduciary, as that term is used in ERISA and the regulations which interpret ERISA, with respect to insurance policies under which you and if applicable, your dependents are insured. In this capacity, we are charged with the obligation, and possess discretionary authority to make claim, eligibility and other administrative determinations regarding those policies, ***and to interpret the meaning of their terms and language.***
> ...
> All findings, decisions, and/or determinations of any type made by the Claims Fiduciary shall not be disturbed unless the Claims Fiduciary has acted in an arbitrary and/or capricious manner.

(App., AR0033) (emphasis added).

The latter provision clearly and unequivocally establishes that GEGLAC was given the discretionary authority to determine a claimant's eligibility for benefits and to construe the terms of the certificate of insurance. Therefore, the discretion vested in GEGLAC provides that its determination may not be overturned absent a finding that its rejection of Dunn's claim for additional benefit proceeds was arbitrary and capricious. <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57 (1989); <u>Pierce v. Connecticut Gen. Life Insurance Co.</u>, 932 F.2d 1552, 1562 and n. 14 (5th Cir. ) cert. denied 502 U.S. 973, 112 S.Ct. 453 (1991).

At issue is GEGLAC's interpretation of the "Basic Monthly Earnings" provision of the certificate, cited above, in which it excluded from the calculation of the benefits to which Dunn was entitled commissions which he earned while employed, but which were not paid until after his disabling stroke. In Wildbur v. Arco Chemical Co., 974 F.2d 631, 637-38 (5th Cir. 1992), the Court reiterated the two-step process under which the abuse of discretion standard is to be analyzed.

The first question to be decided is the legally correct interpretation of the plan. The critical language in the certificate as it relates to Dunn's situation is:

> "Basic Monthly Earnings" means your gross monthly compensation from your Employer including the gross monthly rate of commissions and Bonus Pay during the [period of employment][2] prior to your Period of Disability ...

(AR 006, supra)

The first factor to be considered is the uniformity of the application of this provision to other claims. In support of Defendants' position they submitted the affidavit of Scott Hockenberry which in pertinent part relates that GEGLAC has always interpreted a claimant's earnings to include only commissions received prior to the period of disability. AR at 346. Drum objects to the affidavit on the basis that it is self-serving. However, he has presented the courts with no evidence which raises a fact question with respect to the uniformity of GEGLAC's treatment of claims. Therefore, Hockenberry's undisputed statement establishes a uniformity of application.[3]

---

[2] See AR006 - which defines "Calendar year(s) before the date of disability as the "period of employment" when the employment is less than one calendar year.

[3] Wildbur, supra, recognizes that evidence outside the administrative record may be relevant in the evaluation of the abuse of discretion process. Eg. "Determining whether the administrator has given a uniform construction to a plan may require a court to evaluate evidence of benefit determinations other than the one under scrutiny." 974 F.2d at 638. Drum sought no discovery during the discovery period with respect to the "uniformity" issue.

The second factor is whether the interpretation is consistent with a fair reading of the plan. Although the court is not permitted to apply a de novo interpretation of the language appearing in the certificate in determining the merits of Defendants' motion for summary judgment, it appears that an analysis akin to de novo review is appropriate in addressing the issue of whether Defendants have applied a fair meaning to the contested terms of the certificate.

As a starting point the court interprets the language in an ERISA plan "in ordinary and popular sense as would a person of average intelligence and experience," giving language appearing therein its generally accepted meaning. Wegner v. Standard Ins. Co., 129 F.3d, 814, 818 (5th Cir. 1997) citing Todd v. AIG Life Ins. Co., 47 F.3d 1448, 1451, n. 1 (5th Cir. 1995) and Jones v. Georgia Pacific Corp., 90 F.3d 114, 116 (5th Cir. 1996).

The language at issue clearly includes the term "commissions" within the definition of "Basic Monthly Earnings," and has a generally accepted meaning as compensation based upon a percentage of the amount of revenues attributable to goods or services sold by an employee. Absent from the definition is any further qualification concerning whether an employee's "Basis Monthly Earnings" relate only to commissions earned by an employee and actually paid to the employee prior to the onset of a disabling event. Silence on this further qualification creates an ambiguity in the definition of included commissions, requiring the court to apply the rule of contra proferentum and construe the term strictly in favor of the insured. Wegner at 818; Lain v. UNUM Life Ins. Co., 337, 345 (5th Cir. 2002). Therefore I conclude that Defendants' interpretation of the contract term which adds an additional qualification to the definition of "commissions" that the commissions must be paid prior to the onset of a disabling event is not consistent with a fair reading of this plan

provision.[4]

The mere fact that the court finds that the interpretation given by Defendant is not the correct one does not end the court's analysis when discretion is given to the plan administrator. See Lowry v. Bankers Life and Cas. Retirement Plan, 865 F.2d 692, 694, reh., denied 871 F.2d 522 (5th Cir.) cert. denied 439 U.S. 852, 110 S.Ct. 152 (1989). GEGLAC's denial of claims for additional benefits must be upheld absent a finding that the denial was arbitrary and capricious.  The Supreme Court noted in Firestone Tire and Rubber Co. v. Bruch, supra at 115, 109 S.Ct. at 957, that when "a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'fact[or] in determining whether there is an abuse of discretion.' Restatement (Second) of Torts § 187, Comment d (1959)."

In the present case it is undisputed that GEGLAC not only issued the subject certificate of insurance, but also was responsible for administering the plan and determining whether presented claims should be paid or denied and paying benefits for claims which came within the terms of the plan. In applying the "conflict" factor identified in Bruch the circuit courts have adopted a "sliding scale" standard.  In Vega v. National Life Ins. Services, Inc., 188 F.3d 287, 296 (5th Cir. 1999) (en banc), the Court stated: "Under the 'sliding scale' standard, the court always applies the abuse of discretion standard, but gives less deference to the administrator in proportion to the administrator's apparent conflict."  Instructive in this regard is the Eleventh Circuit's decision in Brown v. Blue

---

[4]Having found that Defendants' interpretation does not constitute a fair reading, I believe that it is unnecessary to consider the third factor in the initial step in the two-step process. However, the fact that Defendants were willing to recalculate the benefits to which Dunn was entitled after receiving additional information with respect to commissions which he was paid prior to September 23, 2997, strongly suggests that a recalculation to include commissions earned but not paid prior to September 23, 1997, would not result in any significant unanticipated costs.

6

Cross & Blue Shield of Alabama, Inc., 898 F.2d 1556, 1566 (11th Cir. 1990) cert. denied 498 U.S. 1040, 111 S.Ct. 712 (1991), cited with approval in Wildbur v. Arco Chemical Co., 974 F.2d 631, 638 (5th Cir. 1992), wherein the Eleventh Circuit stated: "[A] wrong but apparently reasonable interpretation is arbitrary and capricious if it advances the conflicting interest of the fiduciary at the expense of the affected beneficiary ... unless the fiduciary justifies the interpretation on the ground of its benefit to the class of all participants and beneficiaries."

Unlike instances in which the primary issue relates to a conflicted administrator's determination of whether an insured event occurred, e.g. see Vega, supra, 188 F.3d at 297-98, in the present case the fact that Dunn suffered a disabling stroke is undisputed. Rather, the fact that GEGLAC denied additional benefits is based solely on its interpretation of the term "commissions," addressed above. See AR at 178 - "We are not able to consider your commissions paid to you after your date of disability ...".

It is self-evident that in engrafting a further qualification to the term "commissions" as it appeared in the certificate of insurance GEGLAC avoided having to reconsider Plaintiff's basic monthly earnings and to recompute the amount due and owing to him for the period during which he was entitled to disability benefits. Under such circumstances GEGLAC's conflict is near that end of the sliding scale continuum approaching an absolute conflict of interest and compels a finding that its interpretation of this contract term is entitled to minimal deference. Consistent with the court's finding, supra, that Defendants' interpretation of the contract term is not consistent with a fair reading of the plan provision, I find that Defendants have not established that the decision to deny additional benefits was not arbitrary and capricious.

IT IS, THEREFORE, ORDERED that Defendants' motion for summary judgment is denied.

A copy of this memorandum opinion and order shall be transmitted to counsel for the parties.

SIGNED this 26th day of September, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE