**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT DUNN** | ) | |
| | ) | |
| **v.** | ) | **3-05-CV-352-AH** |
| | ) | |
| **GE GROUP LIFE ASSURANCE** | ) | |
| **COMPANY and GENWORTH** | ) | |
| **FINANCIAL, INC.** | ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the written consents of the parties, and the District Court's order of transfer filed in accordance with 28 U.S.C. § 636(c) and the provisions of Rule 52(a), Federal Rules of Civil Procedure, the court files its memorandum opinion and order addressing the issues of fact and law presented in this action.

In this non-jury case the parties have filed a conditional stipulation of facts with respect to the monetary amount which Plaintiff should be entitled to recover. See Amended Joint Stipulation filed on April 23, 2007. In addition the court incorporates by reference the undisputed facts set out in the court's prior memorandum opinion filed on September 26, 2006, in which the court denied Defendants' motion for summary judgment filed on October 21, 2005.[1]

The legal issues which remain in the case relate to Plaintiff's request for pre-judgment interest and an award of attorney's fees which are addressed seriatim:

**Interest:** Defendants oppose Plaintiff's request for pre-judgment interest. They argue that since Section 502(a)(1)(b) does not specifically provide for an award of pre-judgment interest,

---

[1]Defendants' agreement to the stipulations is conditioned on the fact they are made without prejudice to and without waiving their right to appeal the court's decision denying their motion for summary judgment on September 26, 2006, and subject to their arguments with respect to Plaintiff's claims for pre-judgment interest and attorney's fees.

Plaintiff is not entitled to the same.[2] In support of their position they cite language appearing in the opinions of the United States Supreme Court in Mertens v. Hewitt Associates, 508 U.S. 248, 254, 113 S.Ct. 2063 (1993), and Great West Life & Annuity Co. V. Knudson, 534 U.S. 204, 209, 122 S.Ct. 708 (2002). See also Sereboff v. Mid Atlantic Medical Services, ___ U.S. ___, 126 S.Ct. 1869 (2006). In addition, they cite authority from other circuits in which courts of appeals held that pre-judgment was unavailable as part of the recovery to which a plan beneficiary was entitled. See Clair v. Harris Trust & Savings Bank, 190 F.3d 495, 497 (7th Cir. 1999) and Flint v. ABB, Inc., 337 F.3d 1326, 1330 (11th Cir. 2003).

I do not find that either Mertens or Knudson compels a determination that Dunn is precluded from receiving pre-judgment interest. Neither case involved an action brought pursuant to §1132(a)(1)(B) of ERISA. Both involved interpretation of § 1132(a)(3) in which equitable relief was sought. In Mertens an ERISA plan's beneficiaries brought suit against a third-party which allegedly assisted the fiduciary in a breach of duty owed to the plan's beneficiaries. Knudson involved an action brought by the ERISA plan's insurer against beneficiaries for recovery of funds held in a state court's depository consisting of money paid by a third-party tort feasor in settlement of claims asserted by the plan's beneficiaries. In each case the Supreme Court held that ERISA did not authorize the actions which had been brought. Moreover as made clear in Sereboff whether an equitable remedy is available under § 1132(a)(3) is dependent upon in whose possession sums obtained from a third-party tort feasor are found. In Sereboff the Court distinguished the facts there

---

[2]It is not entirely clear to the court whether Defendants are arguing that Plaintiff is not entitled to pre-judgment interest at all or whether they are arguing that he is not entitled to pre-judgment interest only on delayed benefits, which were paid prior to the date on which Dunn file his lawsuit. The court addresses both alternatives.

present from those in Knudson and upheld the fiduciary's action for equitable relief against the beneficiaries for sums which they themselves had received from the third party. Id. at ___, 126 S.Ct. at 1873.

Nor am I persuaded that either Clair or Flint stand for the proposition that a plan beneficiary cannot recover pre-judgment interest against the plan administrator. In both cases the plaintiff beneficiaries had received the benefits to which they were entitled under the respective ERISA plans. See Clair, supra, 190 F.3d at 496-97; Flint 337 F.3d at 1328. In each case the beneficiaries sued to recover accrued interest for periods between dates on which they claimed their benefits should have been paid and the dates on which they received the benefits due under the respective plans. In each case the court of appeals held that since the plans did not provide for accrued interest occasioned by the delay in paying benefits, relief was not available. However, at least one court in the Eleventh Circuit has distinguished the holding in Flint in a case in which the plaintiff was seeking recovery on denied benefits and interest accrued in the interim prior to judgment, finding that such relief stated a claim for additional relief cognizable in an ERISA action. See Cheal v. Life Insurance Co. of North America, 330 F.Supp. 2d 1347, at Part II, 1351-53 (N.D. Ga. 2004).

However, dispositive of Plaintiff's claim for pre-judgment interest is the law of this circuit which is binding on this court. In Hansen v. Continental Insurance Co., 940 F.2d 971 (5th Cir. 1991), the Court upheld the district court's award of pre-judgment interest. Specifically at n. 11, at 984, the court observed that ERISA did not preclude an award of pre-judgment interest and noted that such an award promoted the purposes of the statute. Subsequent decisions of district courts within the circuit have consistently applied Hansen in those instances in which a plan beneficiary has prevailed on the merits. See e.g. Harris Methodist Fort Worth v. Sales Support Services, Inc., 2006

WL 2577826 (N.D. Texas, September 7, 2006); Dramse v. Delta Family-Care Disability and Survivorship Plan, 2007 WL 60907 (N.D. Texas, January 9, 2007); IBEW-NECA Southwestern Health and Benefit Fund, 337 F.Supp. 2d 845 (N.D. Tex. 2004); Cavaretta v. Entagy Corp. Companies' Benefits Plus Long Term Disability Plan, 2004 WL 2694895 (E.D. La. Nov. 23, 2004); and Ducre v. SBC-Southwestern Bell, 2007 WL 593616 (W.D. Tex. Feb. 21, 2007).

Having concluded that Dunn is entitled to pre-judgment interest, the court next addresses the amount to which he is entitled. In the parties' Amended Joint Stipulations filed on April 23, 2007, they have stipulated that pre-judgment interest should be computed at 6% per annum. They have also stipulated that interest on the stipulated additional benefits to which Dunn is entitled to $4964.00. They also stipulated that interest on benefits to which Dunn was entitled and which were paid on January 23, 2003, would result in additional pre-judgment interest in the amount of $4053.00.

The latter amount relates to circumstances which approximate those which were present in Clair and Flint, supra, i.e. it relates to payments which Defendants made in January 23, 2003, following recomputation of benefits paid after additional data were provided by Plaintiff in November 2002 (See memorandum opinion and order filed on September 26, 2006, at 1). The Fifth Circuit has not addressed whether "pre-judgment interest" under such circumstances is recoverable. Hansen makes clear that an award of pre-judgment interest generally is addressed to the sound discretion of the lower court. The delay in receiving additional benefits is attributable in large measure, if not entirely, to Dunn and/or his previous employer under whose plan he was insured. He received the additional calculated benefits after a less than three-month delay. Even were the Fifth Circuit to reject the holdings in Clair and Flint at some later date I am not persuaded that it

would be fair or equitable to grant pre-judgment interest on the delayed benefits payment, particularly when they were paid more than two years prior to the filing of this action. Accordingly Plaintiff's pre-judgment interest will be limited to $4964.00.

**Attorney's fees.** ERISA permits a court in its discretion to award attorney's fees to a prevailing party. 29 U.S.C. § 1132(g)(1). The Fifth Circuit has identified five factors to be considered in the exercise of the court's discretionary authority.

The factors are as follows: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorney's fees; (3) whether an award of attorney's fees would deter other persons from conduct like that of the opposing party under similar circumstances; (4) whether the party requesting the attorney's fees sought to benefit all participants and beneficiaries of the ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. See Bannistor v. Ullman, 287 F.3d 394, 408-09 (5th Cir. 2002) (citing Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1256 (5th Cir. 1980). Aside from the fact that it is undisputed that Defendants have the ability to pay attorney's fees if awarded, none of the remaining factors preponderate in favor of awarding such fees.

As related in the undisputed facts recited in the court's memorandum opinion and order filed on September 26, 2006, GE Group Life Assurance Co. (GEGLAC) commenced paying monthly benefits to Plaintiff upon being notified of his disabling stroke. Upon receipt of additional information GEGLAC recalculated his monthly benefits and issued an additional lump sum check. Thereafter an issue arose over the term "commissions" as it related to the calculation of benefits as a result of which the present action was filed. In denying Defendants' motion for summary judgment this court applied the "sliding scale" standard in addressing whether GEGLAC's

interpretation of the term was an abuse of discretion. See opinion at 5-7. The fact that the court ultimately found that the interpretation applied constituted an abuse of discretion in denying additional benefits is a far cry from facts which support a finding of culpability or bad faith. Further, since the court's determination that discretion was abused under the terms of the specific contract involved, the court's ruling is in all likelihood limited to the facts of the case and would not be instructive or a deterrent to other ERISA plan administrators. Similarly, Plaintiff's circumstances were unusual and unique, thus rendering it unlikely that any other beneficiaries under this plan would derive any benefit from his victory in this case. Finally, the mere fact that Defendants did not prevail in this action does not mean that their position was wholly lacking in merit. See Todd v. AIG Life Ins. Co., 47 F.3d 1448, 1458-59 (5th Cir. 1995), holding that in this circuit there is no presumption under ERISA that a prevailing party is entitled to attorney's fees. Therefore, the court declines to award attorney's fees to Plaintiff.

IT IS, THEREFORE, ORDERED that Plaintiff recover the sum of $31,654.46 in additional benefits together with pre-judgment interest in the amount of $4964.00.

A copy of this memorandum opinion and order shall be transmitted to counsel for the parties.

SIGNED this 25th day of June, 2007.

*[signature: Wm. F. Sanderson, Jr.]*

---
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE